

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-13-00144-CV

IN RE DONALD RAY MASON, RELATOR

Original Proceeding

July 26, 2013

ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Relator, Donald Ray Mason, has filed in this Court his petition for writ of mandamus in which he asks this Court to issue a writ of mandamus directing Respondent, the Honorable Don R. Emerson, presiding judge of the 320th District Court, to rule on Relator's pending motion seeking a copy of the record from his underlying conviction for the purpose of preparing his article 11.07 application. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012). We will conditionally grant Relator's petition.

Factual and Procedural History

Relator's "Motion for Loan of Trial and Appellate Record" was filed September 7, 2012.[1] In his motion, Relator requested a copy of his trial and appellate record "for the purpose of preparing an adequate [article] 11.07 [a]pplication." Correspondence to Relator from the District Clerk's Office confirmed receipt and filing and indicated that a copy of the motion "has been forwarded to the court." It appears from the record before us that no ruling was made.

Relator's "Motion to Have a Written Ruling on Motion for Loan of Trial and Appellate Record" was filed on November 16, 2012. In this motion, Relator pointed out that his first motion had been filed and presented to the trial court and sought a written ruling on his motion. He specifically prayed that Respondent rule on his pending motion "within a reasonable amount of time." It appears from the record before us that still no ruling was made on Relator's motion.

Finally, on January 10, 2013, Relator filed his "Final Notice of Refusal to Perform Ministerial Duty," in which he outlined the procedural history of the motion and again requested that Respondent rule on his motion seeking a copy of the record. Relator also specifically requested that the notice be presented to the trial court for its consideration. Once again, as it appears from the record before us, no ruling was made.

---

[1] This Court has addressed the merits of Relator's appeal of his underlying conviction in trial court cause number 60,442-D, and the Texas Court of Criminal Appeals refused his petition for discretionary review. See Mason v. State, No. 07-10-00246-CR, 2011 Tex. App. LEXIS 9107 (Tex.App.—Amarillo Nov. 15, 2011, pet. ref'd) (mem. op., not designated for publication); see also In re Mason, PD-1847-11, 2012 Tex. Crim. App. LEXIS 558 (Tex.Crim.App. Apr. 4, 2012).

On May 6, 2013, Relator filed his petition for writ of mandamus in this Court and again provided the procedural history of his motion filed September 7, 2012, and his requests for a ruling on his motion. We sought a response from Respondent to Relator's petition but were not favored with a response. See TEX. R. APP. P. 52.4. Using the filing date of September 7, 2012, we calculate that Relator's motion has been pending in the trial court for 322 days. It would appear that Respondent has not ruled on the motion.

Availability of Mandamus Relief

To be entitled to relief, Relator must demonstrate a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. See Republican Party of Tex. v. Dietz, 940 S.W.2d 86, 88 (Tex. 1997) (orig. proceeding); In re Guetersloh, 326 S.W.3d 737, 740 (Tex.App.—Amarillo 2010, orig. proceeding) (per curiam). Additionally, a relator must establish the following: (1) a legal duty to perform, (2) a demand for performance, and (3) a failure or refusal to act. In re Guetersloh, 326 S.W.3d at 740; In re Chavez, 62 S.W.3d 225, 228 (Tex.App.—Amarillo 2001, orig. proceeding) (citing O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding)); see In re Layton, 257 S.W.3d 794, 795 (Tex.App.—Amarillo 2008, orig. proceeding).

A trial court must consider and rule upon a motion within a reasonable time. See In re Chavez, 62 S.W.3d at 228; Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam). With that, "[w]hen a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act," and mandamus may issue to compel the

trial judge to act. O'Donniley v. Golden, 860 S.W.2d 267, 269 (Tex.App.—Tyler 1993, orig. proceeding) (per curiam); see Eli Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam) (observing that act of considering and ruling upon a motion is a ministerial act and that trial court abuses its discretion by refusing to conduct hearing and render decision on motion); Kissam v. Williamson, 545 S.W.2d 265, 266–67 (Tex.Civ.App.—Tyler 1976, orig. proceeding) (per curiam) (noting that mandamus will issue when trial judge refuses to act within a reasonable time).

The trial court has a reasonable time within which to perform its ministerial duty to rule on a pending motion. In re Guetersloh, 326 S.W.3d at 740–41; Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. Barnes, 832 S.W.2d at 426. "In other words, no bright-line demarcates the boundaries of a reasonable time period." Ex parte Bates, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding). Rather, reasonableness of the delay is dependent upon a "myriad of criteria," including whether the trial court had actual knowledge of the motion, its overt refusal to act, the state of its docket, and the existence of other judicial and administrative matters which must be addressed first. See In re Chavez, 62 S.W.3d at 228–29. So, too, must we consider the trial court's inherent power to control its own docket. Ex parte Bates, 65 S.W.3d at 135.

Analysis

The record before us indicates that Relator's motion was properly filed and, as indicated by the District Clerk's correspondence to Relator, the matter was brought to the trial court's attention. Cf. In re Layton, 257 S.W.3d at 795 (denying mandamus relief

4

when relator failed to demonstrate that motion was brought to the attention of the trial court). Further, Relator has made repeated requests for a ruling on his motion. See In re Shredder Co., 225 S.W.3d 676, 680 (Tex.App.—El Paso 2006, orig. proceeding). The record also indicates that the trial court has not ruled on the motion; and no response to indicate the contrary has been filed in this Court. Cf. In re Miller, No. 07-07-0144-CV, 2007 Tex. App. LEXIS 3764, at *5 (Tex.App.—Amarillo May 16, 2007, orig. proceeding) (observing that relator's petition and appendix showed trial court *had* ruled on relator's request). Therefore, the only remaining issue before us is whether the motion has been pending for an unreasonable amount of time.

Again, Relator's motion seeking a copy of his record was filed and presented to the trial court on September 7, 2012, meaning that as of the date of this opinion, it has been pending in the trial court for 322 days, over ten months. Nothing in the record would indicate that the trial court is unaware of the motion. Further, it would not appear that any other matter related to Relator's underlying conviction is currently pending before the trial court, suggesting that no other administrative matters are causing or contributing to the delay. While we are both mindful and respectful of the trial court's inherent authority to control its own docket, it appears that the ten-month delay in ruling on this relatively brief, straightforward motion is unreasonable given the circumstances involved here. See In re Rodriguez, No. 04-04-00785-CV, 2004 Tex. App. LEXIS 11205, at *2–4 (Tex.App.—San Antonio Dec. 15, 2004, orig. proceeding) (mem. op.) (conditionally granting mandamus relief to compel trial court's ruling on a motion

seeking a copy of the record for preparation of habeas corpus application that had been pending for approximately five months).[2]

Conclusion

Relator has shown that he is entitled to have a ruling on his pending motion. We, therefore, conditionally grant Relator's petition for writ of mandamus and direct Respondent to rule on Relator's pending motion filed September 7, 2012, seeking a copy of the record.[3] We are confident Respondent will rule on Relator's motion, and we will direct the Clerk of this Court to issue the writ only in the event Respondent fails to rule on said motion within thirty days. See TEX. R. APP. P. 52.4, 52.8(c), (d); In re Guetersloh, 326 S.W.3d at 741.

Per Curiam

Pirtle, J., dissenting without opinion.

---

[2] See also In re Bates, No. 14-13-00347-CV, 2013 Tex. App. LEXIS 5875, at *6–8 (Tex.App.—Houston [14th Dist.] May 14, 2013, orig. proceeding) (mem. op.) (per curiam) (conditionally granting mandamus relief to compel ruling on motion for enforcement of visitation rights that had been pending for over ten months); In re Shredder Co., 225 S.W.3d at 679 (conditionally granting mandamus relief to compel a ruling on a motion to compel arbitration that had been pending for approximately six months).

[3] "Although we have jurisdiction to direct the trial court to exercise its discretion in some manner, under no circumstances may we tell the trial court what its decision should be." In re Shredder Co., 225 S.W.3d at 680 (citing In re Ramirez, 994 S.W.2d 682, 684 (Tex.App.—San Antonio 1998, orig. proceeding)). For that reason, we express no opinion whatsoever as to the merits of Relator's motion and express no opinion on the ruling that Respondent should make when ruling on that motion; we conclude only that Respondent should make some ruling on the motion that has been pending since September 7, 2012.