

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00345-CV

IN RE DON SMITH, RELATOR

ORIGINAL PROCEEDING

December 17, 2013

## ON PETITION FOR WRIT OF MANDAMUS

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is the petition for writ of mandamus filed by Don Smith, *pro se* (relator). In it, he requests that we order the Honorable Judge of the 181st Judicial District of Randall County, Texas (trial court) to set for hearing and rule upon his motion to rescind the trial court's order to withdraw inmate funds. We conditionally grant the petition.

Per the documents appended to relator's petition, we note that the trial court issued both an original and amended order to withdraw funds from relator's inmate trust account. The latter order was signed in December of 2012. In March of 2013, relator filed with the clerk of the 181st Judicial District his motion requesting that the orders be rescinded. He contends that they were entered without him being afforded notice of or

opportunity to be heard upon the applications for withdrawal. The clerk of the 181st Judicial District sent notice of relator's motion to the trial court on March 14, 2013. In August of 2013, relator moved the trial court to set for hearing his motion to rescind the orders. On October 21, 2013, the clerk of this court received the pending application for writ of mandamus. In it, relator contended that the trial court 1) neither set for hearing or ruled upon the pending motion to rescind and 2) had a ministerial duty to do so. On October 24, 2013, the clerk of this court afforded the trial court an opportunity to respond to the petition and allowed it ten days in which to respond, if it so chose. We have received no response to date.

To be entitled to relief, a relator must demonstrate a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Republican Party of Texas v. Dietz*, 940 S.W.2d 86, 88 (Tex. 1997) (orig. proceeding); *In re Guetersloh*, 326 S.W.3d 737, 740 (Tex. App.—Amarillo 2010, orig. proceeding) (per curiam). Additionally, a relator must establish the following: (1) a legal duty to perform, (2) a demand for performance, and (3) a failure or refusal to act. *In re Guetersloh*, 326 S.W.3d at 740; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) *citing, O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992, orig. proceeding); *In re Layton*, 257 S.W.3d 794, 795 (Tex. App.—Amarillo 2008, orig. proceeding).

A trial court has the duty to consider and rule upon a motion within a reasonable time. *In re Chavez*, 62 S.W.3d at 228; *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam). That is, when the motion is properly filed and pending, the act of giving consideration to and ruling upon it

is ministerial; thus, a writ of mandamus may issue to compel the trial judge to act. *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding) (per curiam); *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992, orig. proceeding) (per curiam) (observing that the act of considering and ruling upon a motion is a ministerial act and that the trial court abuses its discretion by refusing to conduct a hearing and render a decision on the motion); *Kissam v. Williamson*, 545 S.W.2d 265, 266-67 (Tex. Civ. App.—Tyler 1976, orig. proceeding) (per curiam) (noting that mandamus will issue when the trial judge refuses to act within a reasonable time).

However, the trial court has a reasonable time within which to perform this ministerial duty. *In re Guetersloh*, 326 S.W.3d at 740-41; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). And, whether a reasonable period of time has lapsed is dependent on the circumstances of each case. "In other words, no bright-line demarcates the boundaries of a reasonable time period." *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

Approximately eight months have lapsed since relator filed his motion to rescind the court orders. Approximately the same amount of time has lapsed since the district clerk notified the trial court of the pending motion. Approximately three months have lapsed since relator requested a setting upon the motion, and none has been assigned it. A three month delay in selecting a date on which to hear relator's motion, which has been pending for eight months, is unreasonable.

Relator has shown himself entitled to relief. We, therefore, conditionally grant his petition for writ of mandamus and direct the trial court to select a reasonable date on which to set for resolution the pending motion to rescind orders allowing the withdrawal

3

of funds from his inmate trust account. In selecting the date, the trial court may give consideration to the state of its docket and the presence of other pending matters the resolution of which may take precedence. Because we are confident that the trial court will act, we will direct the Clerk of this Court to issue the writ only in the event the trial court fails to comply with this court's directive within thirty days of this order.

Brian Quinn
Chief Justice