NO. 07-10-0375-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 1, 2010

_____


IN RE: JAMES CRAIG GUETERSLOH, INDIVIDUALLY AND
JAMES CRAIG GUETERSLOH, TRUSTEE OF THE 1984 GUETERSLOH TRUST


_____

ORIGINAL PROCEEDING
ON APPLICATION FOR WRIT OF MANDAMUS
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**OPINION**


The novel issue presented by this mandamus proceeding is whether a trustee of a trust has the same right to represent himself in his representative capacity as he does in his individual capacity. We hold that he does not, strike his petition for writ of mandamus as it pertains to claims being asserted in his capacity as trustee, but conditionally grant his petition as it pertains to claims being asserted in his individual capacity.

## Background

This mandamus proceeding relates to an underlying proceeding pending in the 121st District Court, Terry County, wherein the Real Parties in Interest, Michael Guetersloh, Jr., Denise Foster (formerly Denise Guetersloh Spicer), and Michael Guetersloh, III, each acting *pro se,* filed suit seeking (1) termination of the 1984 Guetersloh Trust, (2) distribution of trust property, and (3) an accounting of all income and distributions from the trust. The 1984 Guetersloh Trust is an express family trust created for the benefit of four named individuals, the three Real Parties in Interest and one of the Relators, James Craig Guetersloh. In addition to naming the Relator in his individual capacity as a party,[1] the petition named the other Relator, James Craig Guetersloh, Trustee of the 1984 Guetersloh Trust, as a party.[2]

On August 26, 2010, Relators, each acting *pro se,* filed an original answer, comprised of a general denial and affirmative defenses, coupled with a Motion to Transfer Venue based on provisions of the Texas Property Code. *See* Tex. Prop. Code Ann. § 115.002(b)(1) (Vernon 2007). That same day, acting *sua sponte,* the trial court found that the trustee of a trust cannot appear in court *pro se* because to do so would amount to the unauthorized practice of law. Accordingly, the trial court notified Relators that no action would be taken on their motion to transfer venue until such time as the

---

[1]A beneficiary designated by name in the instrument creating the trust is a necessary party in a suit under Section 115.001 of the Texas Property Code. Tex. Prop. Code Ann. § 115.011(b)(2) (Vernon 2007).

[2]Although the Texas Trust Code does not expressly require the joinder of the trustee as a necessary party in every suit pertaining to a trust, the trustee's presence is required in any suit requiring an accounting by the trustee. *See* Tex. R. Civ. P. 39; Tex. Prop. Code Ann. § 115.001(a)(9) (Vernon 2007).

trustee obtained legal representation. Notwithstanding the ruling of the trial court, on September 1, 2010, both Relators (with James Craig Guetersloh, Trustee of the 1984 Guetersloh Trust, still acting *pro se*) filed a motion for oral hearing concerning the motion to transfer venue. Despite being requested by Relators to do so, to date, the trial court has failed to issue a ruling on either motion. Relators now seek from this Court the issuance of a writ of mandamus ordering the trial court to set an oral hearing on Relators' pending motion to transfer venue and to allow the Relator, James Craig Guetersloh, Trustee of the 1984 Guetersloh Trust, to appear in the underlying proceeding on a *pro se* basis.

## I. Trustee's Right to Self-Representation

The general rule in Texas (and elsewhere) has long been that "the term 'trust' refers not to a separate legal entity but rather to the *fiduciary relationship* governing the trustee with respect to the trust property." *Huie v. DeShazo,* 922 S.W.2d 920, 926 (Tex. 1996) (emphasis in original). Accordingly, suits against a trust must be brought against the trustee. *See Werner v. Colwell,* 909 S.W.2d 866, 870 (Tex. 1995); *Smith v. Wayman,* 148 Tex. 318, 224 S.W.2d 211, 218 (Tex. 1949); *Slay v. Burnett Trust,* 143 Tex. 621, 187 S.W.2d 377, 382 (Tex. 1945).

Relators argue that because James Craig Guetersloh, Trustee of the 1984 Guetersloh Trust, is the actual party to the suit being prosecuted by the Real Parties in Interest, under Rule 7 of the Texas Rules of Civil Procedure he is authorized to "defend

3

his rights therein, either in person or by an attorney of the court." The right of a party to self-representation is not, however, absolute. *See, e.g., Kunstoplast of Am. v. Formosa Plastics Corp., USA,* 937 S.W.2d 455, 456 (Tex. 1996) (holding that a non-attorney may not appear *pro se* on behalf of a corporation); *Steele v. McDonald,* 202 S.W.3d 926, 928-29 (Tex.App.--Waco 2006, no pet.) (holding that a non-attorney may not appear *pro se* in his capacity as independent executor of an estate). Although we have not been cited to, nor have we found, any Texas case directly dealing with the issue of whether a non-lawyer can appear *pro se* in court, in his capacity as a trustee of a trust, we believe the same logic expressed in those opinions should apply to this situation.

First, contrary to Relators' argument, the plain reading of Rule 7 does not suggest that a non-lawyer can appear *pro se,* in the capacity of trustee of a trust, because in that role he is appearing in a representative capacity rather than *in propria persona.* Because of the nature of trusts, the actions of the trustee affect the trust estate and therefore affect the interests of the beneficiaries. It follows that because a trustee acts in a representative capacity on behalf of the trust's beneficiaries, he is not afforded the personal right of self-representation.

Secondly, the Texas Legislature has defined the practice of law to include, among other things, "the preparation of pleadings or other documents incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court . . . ." Consistent with that legislative mandate,

4

Relator's appearance in the trial court in his capacity as trustee falls within this definition of the "practice of law."  Accordingly, if a non-attorney trustee appears in court on behalf of the trust, he or she necessarily represents the interests of others, which amounts to the unauthorized practice of law.  *See Ziegler v. Nickel* (1998) 64 Cal.App.4th 545, 549 (holding that "[a] nonattorney trustee who represents the trust in court is representing and affecting the interest of the beneficiary and is thus engaged in the unauthorized practice of law").  Therefore, we conclude the trial court did not err in prohibiting the Relator, James Craig Guetersloh, in his capacity as trustee of the 1984 Guetersloh Trust, from appearing without legal representation.

## II.  Trustee's Right to Mandamus Relief

The Real Parties in Interest contend that, because James Craig Guetersloh, Trustee of the 1984 Guetersloh Trust, does not have the authority to appear before the trial court *pro se,* that prohibition should likewise bar this Court from considering his pleadings in this proceeding.  For the same reasons that he cannot appear *pro se* before the trial court in his representative capacity, Mr. Guetersloh is likewise prohibited from appearing before this Court in his capacity as trustee.  Accordingly, we hereby strike Relator's petition to the extent that it asserts claims in that capacity.  That does not, however, preclude us from considering claims being asserted in his individual capacity.

### III. Individual Right to Mandamus Relief

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). To be entitled to relief, the relator must demonstrate a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *See Republican Party of Texas v. Dietz,* 940 S.W.2d 86, 88 (Tex. 1997). Additionally, relator must satisfy three requirements, to-wit: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979).

When a motion is properly pending before a trial court, the act of considering and ruling upon it is ministerial. *Eli Lilly and Co. v. Marshall,* 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex.App.--Houston [1st Dist.] 1992, orig. proceeding).

Here, we are not faced with a situation where the trial court has merely failed to schedule a hearing on Relator's motion to transfer venue. Instead, the trial court has affirmatively informed Relator that it would not schedule a hearing on *his* motion until

6

the trustee (a separate and distinct party) was represented by legal counsel. The absence of legal counsel representing the trustee should not serve as an impediment to Relator's right, in his individual capacity, to have his motion heard. Accordingly, we find that Relator, James Craig Guetersloh, Individually, is entitled to mandamus relief.

## Conclusion

Having determined that James Craig Guetersloh, Trustee of the 1984 Guetersloh Trust, cannot appear in court *pro se,* we strike his petition for writ of mandamus as it pertains to claims being asserted in that capacity. As it pertains to claims being asserted by James Craig Guetersloh in his individual capacity, we conditionally grant the writ of mandamus. We are confident the trial court will schedule a hearing on James Craig Guetersloh's individual motion to transfer venue and we direct the Clerk of this Court to issue the writ only in the event the trial court fails to schedule a hearing within sixty days.

Per Curiam