

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00201-CV

IN RE CESAR MENDEZ, RELATOR

Original Proceeding

July 29, 2013

## ON PETITION FOR WRIT OF MANDAMUS

**Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.**

Relator, Cesar Mendez, has filed Court his petition for writ of mandamus in which he asks this Court to issue a writ of mandamus directing Respondent, the Honorable John J. McClendon III, presiding judge of the 137th District Court, to rule on Relator's pending motion seeking withdrawal of Relator's current appellate counsel.[1]  We will deny Relator's petition.

Availability of Mandamus

To be entitled to mandamus relief, a relator must show that he or she has no adequate remedy at law to redress the alleged harm and that he or she seeks to compel

---

[1] Relator's direct appeal is currently pending before this Court.  See Mendez v. State, 07-12-00255-CR.

a ministerial act, not involving a discretionary or judicial decision. State ex rel. Young v. Sixth Judicial Dist. Court of Appeals, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007) (orig. proceeding). Generally, a relator bears the burden to properly request and show entitlement to mandamus relief. See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); In re Davidson, 153 S.W.3d 490, 491 (Tex.App.—Amarillo 2004, orig. proceeding). Additionally, a relator must establish the following: (1) a legal duty to perform, (2) a demand for performance, and (3) a failure or refusal to act. In re Guetersloh, 326 S.W.3d 737, 740 (Tex.App.—Amarillo 2010, orig. proceeding) (per curiam); In re Chavez, 62 S.W.3d 225, 228 (Tex.App.—Amarillo 2001, orig. proceeding) (citing O'Connor v. First Court of Appeals, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding)).

To that end, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. See Walker, 827 S.W.2d at 837; In re Davidson, 153 S.W.3d at 491; see also TEX. R. APP. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (providing that relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). "Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam).

Analysis

Relator maintains that Respondent has failed to consider and rule on his pending motion. Relator also correctly points out that a trial court has a ministerial duty to rule on properly filed motions within a reasonable time. See O'Donniley v. Golden, 860 S.W.2d 267, 269–70 (Tex.App.—Tyler 1993, orig. proceeding) (per curiam). However, we have nothing in terms of an appendix that would show Relator is entitled to the relief he seeks. We do not know from the petition before us when, or if, his motion was filed, and we have nothing to show that the motion was presented to the trial court. See In re Villarreal, 96 S.W.3d 708, 710 (Tex.App.—Amarillo 2003, orig. proceeding) (noting that a relator must demonstrate that trial court was aware of the document).

Relator has failed to provide this Court with a copy of his motion seeking withdrawal of appellate counsel or any other records to demonstrate that a properly filed motion has been pending before the trial court. As a result, we cannot determine whether his motion was properly filed or, even assuming that it was, the date on which it was received by either the clerk's office or the judge. We, then, are left without the means to determine whether Relator's motion has been pending for an unreasonable amount of time. See In re Chavez, 62 S.W.3d at 228 (observing that trial court has a reasonable time within which to perform ministerial duty of considering and acting upon properly filed motions). In the absence of an appendix containing the required documents, Relator has failed to sufficiently show that Respondent had a legal duty to perform, that Relator made an adequate demand for performance, and that Respondent failed or refused to act. See id.

By failing to provide the necessary documents to support his allegations, Relator has not only failed to comply with the rules of appellate procedure governing mandamus but has also denied us a record sufficient to enable us to assess his contentions. <u>See In re Villarreal</u>, 96 S.W.3d at 710. That being so, Relator has failed to present this Court with a record sufficient to demonstrate that he is entitled to the relief requested.

Accordingly, we deny Relator's petition without prejudice to refiling a petition with an adequate record and in compliance with governing rules of procedure. <u>See</u> TEX. R. APP. P. 52.8(a); <u>see also</u> <u>In re Molina</u>, 94 S.W.3d 885, 886 (Tex.App.—San Antonio 2003, orig. proceeding) (per curiam).

Per Curiam