

# NUMBER 13-14-00648-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RENE RIVAS JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Rene Rivas Jr., proceeding pro se, filed a petition for writ of mandamus on November 6, 2014, through which he seeks to compel the trial court to conduct a hearing and rule on relator's motion for the appointment of counsel and post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01, 64.03 (West, Westlaw through 2013 3d C.S.). We deny the petition for writ of mandamus as stated herein.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

1

To be entitled to mandamus relief, a relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud.l Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* An act is ministerial "when the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment." *State ex rel. Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (orig. proceeding) (en banc). However, a "discretionary" function may become "ministerial" when the facts and circumstances dictate but one rational decision. *Buntion v. Harmon*, 827 S.W.2d 945, 948 n.2 (Tex. Crim. App. 1992) (orig. proceeding). In general, a relator must establish that: (1) the trial court has a legal duty to perform; (2) relator has made a demand for performance; and (3) the trial court has failed or refused to act. *In re Guetersloh*, 326 S.W.3d 737, 740 (Tex. App.—Amarillo 2010, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (citing *O'Connor v. First Ct. of App.*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding)).

A relator bears the burden to properly request and show entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding). "Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). In addition to other requirements, the relator must include a

statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Relator's petition for writ of mandamus generally fails to comply with the requirements of Texas Rule of Appellate Procedure 52 and lacks either an appendix or record. *See id.* R. 52.3. Relator has not included with his petition any documentation showing that he has filed motions pertaining to DNA testing, that he has requested the trial court to conduct any hearings or issue any rulings pertaining to DNA testing, or that the trial court has failed or refused to perform a ministerial duty in accordance with such alleged filings. The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, relator's petition for writ of mandamus and all relief requested therein is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of November, 2014.

3