| | | |
|---|---|---|
| ROWLAND J. MARTIN | ) | TEXAS COURT OF APPEALS |
| Appellant | ) | |
| | ) | |
| v. | ) | FOR THE FOURTH DISTRICT |
| | ) | |
| EDWARD BRAVENEC AND 1216 | ) | |
| WEST AVE. INC. | ) | |
| Appellees | ) | BEXAR COUNTY, TEXAS |

## APPELLANT'S MOTION FOR REHEARING ON ORDER OF APRIL 16, 2015 AND ADVISORY TO THE COURT ON COMPLIANCE WITH TEX. R. CIV. P. 7

Appellant Rowland J. Martin, files this "Motion For Rehearing On Order Of April 16, 2015," pursuant to TEX. R. APP. P. 38.1 and Tex. R. Civ. P. 7, to call the Court's attention to an apparent administrative oversight with respect to Appellant's intended "Amended Reply Brief," to request waiver of strict compliance for citations in footnote #3 of the intended "Amended Reply Brief," and to confirm compliance with Tex. R. Civ. P. 7 for purposes of the instant appeal.

I

Judicial notice of Appellant's Advisory To The Court on April 7, 2015 is respectfully requested, and notice that the Court's April 16th order cites a paper other than the briefing document that was submitted for filing with leave of the Court on April 7, 2015 as provided in the Court's Order on April 6, 2015. Although docket records as of April 22, 2015 show that the intended "Amended Reply Brief" was accepted for filing on April 8, 2015, the April 16th Order refers to a different document filed on April 6, 2015. See attachments in Exhibit A. As of April 22, 2015, moreover, the only reply brief of record was other than the one that was intended to correspond to the docket entry on April 8, 2015. Upon inquiry, Deputy Clerk Lus Estrada explained this discrepancy by reference to the fact that the internal processing of Appellant's

1

intended "Amended Reply Brief" was inadvertently delayed, thus indicating that intended "Amended Reply Brief" had been omitted from docket records at the time when the Court entered its order on April 16, 2015. On April 23, 2015, Deputy Clerk Estrada confirmed that the error has been corrected. Because the intended "Amended Reply Brief" filed on April 8th contains an exhibit from a Clerk's Supplemental Record that does not appear in the April 6th document, Appellant purchased a copy of the intended "Amended Reply Brief" and served the copy on Appellees to avoid confusion as proven in the attached proof of service. Upon further examination, however, it appears that the intended "Amended Reply Brief" mistakenly utilized an inappropriate method of citation in the text of footnote #3.

II

Rule 38 provides in pertinent part that a "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h). A point of error is waived if it contains argument without appropriate citations. *TXO Prod. Co. v. M.D. Mark, Inc.,* 999 S.W.2d 137, 143 (Tex. App.–Houston [14th Dist.] 1999, pet. denied). There is no question that the law holds pro se litigants to the same standards as licensed attorneys and that they must comply with all applicable laws and rules of procedure. *Greenstreet v. Heiskell,* 940 S.W.2d 831, 834 (Tex.App.--Amarillo 1997, no writ), reh'g denied, 960 S.W.2d 713 (per curiam).

At the same time, the Texas Supreme Court has balanced the interest in strict compliance with briefing rules, with a policy that discourages affirmance of a judgment in any case solely because of briefing deficiencies, *Inpetco, Inc. v. Texas Am. Bank,* 729 S.W.2d 300, 300 (Tex.1987) (per curiam). The policy favoring construction of briefing documents in the interest of justice affords appellate courts clear discretion to entertain a point of error if the Court is able

2

to discern, with reasonable certainty, the errors presented for appeal. *State v. Interstate Northborough P'ship* , 8 S.W.3d 4, 7 n.2 (Tex. App.— Houston [14thDist.] 1999, pet. granted).

## III

Applying the guiding principles noted above, Appellant requests clarification of the terms for the submission of the appeal stated in the Courts Order of April 17, 2015, and instructions in a future order to facilitate compliance by the undersigned litigant with the governing rules.

## A

Out of an abundance of caution to avoid reliance on an unintended substitution of the intended briefing document with an unintended briefing document, the Court is requested to amend its order to refer specifically to the "Amended Reply Brief" that was submitted for filing with leave of the Court on April 7, 2015, and filed on April 8, 2015 according to docket records dated April 22, 2015, and to instruct the parties to rely on that document going forward. The requested clarification does not call for the Court to entertain any motion to amend because the intended "Amended Reply Brief" has been in the Court's possession since April 7, 2015, and was inadvertently omitted from the case docket according to information provided by Court staff.

## B

Regarding footnote #3 in the intended "Amended Reply Brief," in lieu of requesting amendments that the Court has already indicated it is not willing to consider, the Court is instead simply requested to waive strict compliance with Rule 38 for purposes of footnote #3, and to credit Appellant's substantial compliance in the interest of avoiding affirmance of the judgment below based on briefing deficiencies. Appellant's citations to Appellee Edward Bravenec's testimony identify the date, page and lines of the relevant reporters transcript, and all the citations to his testimony correspond to Volume Four of the Reporters Record. Citations to the

record statements of Attorney Glenn Deadman also identify the date, page and lines of the relevant transcript, and with one exception involving the hearing on May 23, 2015, refer to Reporter's Record Volumes Four and Five. In retrospect, however, Appellant's reliance on the abbreviation, "CRT", in footnote #3 could be construed as inappropriate, but can also be cured without the filing of an amended pleading through a waiver of strict compliance. Subject to the proposed waiver, Appellant believes that the citations in the intended "Amended Reply Brief" are in all other respects in a form that enabled the Court to discern, with reasonable certainty, the date, page and lines of the relevant reporters' transcripts, the basis of the errors that are presented for review, and the evidence in the record that specifically supports each point of error alleged.

## C

Appellant is unclear the Court's intentions respecting arguments in the Appellees' responding brief referring to issues about fraud that were not part of the trial court on April 9, 2015, and with respect to corresponding arguments in the 'Amended Reply Brief." Further, because the Court's orders to date refer only to subject matter of the Appellant's brief that it does not intend to consider, the denial of Appellant's Motion For Judicial Notice could be construed to deny Appellant's opportunity to offer oral argument on the deed conveyance on July 8, 2014 from Edward Bravenec to Torralba Properties, Inc., as an issue bearing on the two orders designated for interlocutory review. Out of an abundance caution to comply with the Court's April 16th order, while also preserving opportunities for oral argument on a potentially dispositive fact issue, Appellant requests instructions to clarify the treatment of the deed conveyance issue for purposes of oral argument. Texas Government Code Section 22.220(c).

4

D

Appellant owes the Court a duty of candor, in light of the cover page of his "Amended Reply Brief" referring to his "representative capacity" as Administrator for the Estate of King, to disclose that a controversy bearing on the oral argument scheduled for May 7, 2015, has been raised in the 150th District Court by Attorney Bradley Balderamas of the Law Firm of Linebarger, Goggan, Blair, and Sampson. Texas Government Code Section 22.220(c). Although Attorney Balderamas disputes that Appellant is authorized to make appearances as Administrator for the Estate of King, his contention in fact relitigates an issue that the Bexar County Probate Court #1 considered and disposed in Appellant's favor at a recent hearing on March 31, 2015. [1]

Consistent with the oral ruling of the Probate Court following exceptions to the so-called "Minnesota Rule," Appellant's appearance in the instant interlocutory appeal can fairly be described as one in his individual capacities as Administrator and Heir of the Estate of King. Appellant is the sole beneficiary of a heirship settlement agreement approved by the Probate Court. The settlement agreement assigns to him a fee simple interest in the heirship rights to the real property of the Estate. As there is no other living beneficiary of the Estate for Appellant to represent, and there no creditors of the Estate in the ordinary course of business, there is no exercise of representative capacity per se for the benefit of third party beneficiaries and creditors

---

[1] See, "Pro Se Executors – Unauthorized Practice Of Law, Or Not?" Michael Hatfield, Baylor Law Review, August 4, 2010 (noting a split among Texas courts and stating that Bexar County Probate Court #1 follows the exception to the so-called Minnesota rule which permits pro se litigants to appear where they are the sole beneficiary of an affected estate); and "Standing, Capacity and Jurisdiction," Lauren K. Davis, State Bar Of Texas, Advance Estate Planning And Probate Course, June 26-28, 2013 (citing e.g. Tex. Prop. Code § 111.004(7) which defines an "interested person" as "A trustee, beneficiary, or any other person having an interest in or claim against the trust or any person who is affected by the administration of the trust. Whether a person is … an interested person may vary from time to time and must be determined according to the particular purposes and matter involved in the proceeding.") Consistent with the above commentaries, the fact situation here presents none of the infirmities discussed in the reported cases in Sells v. Drott, 259 S.W.3d 156 (Tex. 2008), Steele v. McDonald, 202 S.W.3d 926 (Tex. App. -- Waco 2006); In re Guetersloh, 326 S.W.3d 737, 739-40 (Tex. App. -- Amarillo 2006).

5

that could plausibly cause Appellant's pro se appearances to depart from the authorized scope of Rule 7. The only remaining claimants interested in the estate administration are Attorney Balderamas' clients, the Bexar County Tax Authorities, but the tax units are not creditors in the ordinary course, because both Attorney Balderamas and the tax authorities are respondents of proceedings for offsetting claims that Appellant is prosecuting in the Probate Court and the 150th District Court, respectively. The tax authorities status as creditors is also clouded because they have not submitted a denial under oath of the rejected status of their claims to date as required by Estates Code Section 355.066(b). Although the merits of the latter proceedings are clearly beyond the scope of the instant interlocutory proceeding, Appellant's disclosure is simply calculated to demonstrate that Tex. R. Civ. P. 7 authorizes Appellant to make a pro se appearance as estate administrator in this proceeding because estate business at this point consists of winding up claims that revolved around his individual capacities.

To avoid any possible appearance of impropriety, Appellant recently nonsuited a chose in action attributed supposedly to the Estate of King by Attorney Balderamas in a motion filed by him, in Case No. 2014-CI-04779 in the 150th District Court, that sought to enjoin Appellant from continuing to make pro se appearances as Estate Administrator. Although service of the motion to disqualify has not been perfected, and Appellant's intervening filing of a notice of nonsuit ostensibly divests the pro se appearance issue from the plenary jurisdiction of the 150th District Court, Appellant remains concerned about the timing, nature and purpose of the underlying of the motion' about the risk that a refusal by Attorney Balderamas to drop the setting in response to the notice of nonsuit could interfere with preparations for oral argument; and about the related risk that a hypothetical misapplication of Rule 7 at the hearing set for April 30, 2015 might interfere with the Court's appellate jurisdiction or expose Appellant to questions about contempt.

6

The Linebarger firm has aligned itself with the Law Office of McKnight and Bravenec in the past on the issue of whether the tax authorities' original tax suits against the heirs of the Estate of King were improper. Further, predatory litigation tactics have been used by both groups in the past to Appellant's detriment as reflected by the disputed findings in Temporary Injunction Order of July 17, 2015 that are presently under review. In light of the above, Appellant respectfully requests an indicative ruling by the Court to preserve its interlocutory appellate jurisdiction, and to insulate Appellant from undue harassment pending the oral argument set for May 7, 2015. *See e.g., "Email Message of Rowland Martin to Attorney Don Stecker dated April 17, 2015"* in attachments to Exhibit B.

IV

Subject to the terms proposed above, Appellant believes that his intended "Amended Reply Brief" substantially complies with all the Court's earlier directives, and is presented in such a manner that no amendments are needed to enable Court personnel to discern the relevant points of error in light of explanatory comments above. Equally important, the proposed terms aid the Court's appellate jurisdiction, in the specific context of the Texas Citizen's Participation Act, by effectuating the policy of the Texas Supreme Court on avoiding affirmances based on harmless briefing deficiencies. *Inpetco, Inc. v. Texas Am. Bank, Id.*

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court grant relief in all things, for such other relief both in law and in equity as he may be justly entitled.

Dated: April 23, 2015                                    Respectfully Submitted,

                                                         Rowland J. Martin
                                                         951 Lombrano
                                                         San Antonio, Tx 78207
                                                         (210) 323-3849

7

## CERTIFICATE OF SERVICE

I mailed a copy of Appellant's "Motion For Rehearing On Order Of April 16, 2015," and remailed a copy of "Amended Reply Brief" filed on April 8, 2015, to Attorney Glenn Deadman, at 509 S. Main, San Antonio Texas, by certified mail return receipt requested (Exhibit C), and hand delivered a copy to Attorney Don Stecker of the Law Firm of Linebarger, Goggan, Blair and Sampson, at 711 Navarro Street, San Antonio, Texas, on April 23, 2015.

Rowland J. Martin

## CERTIFICATE OF CONFERENCE

I certify that I conferred on April 15, 2015 by telephone, and on April 17, 2015 by email transmission, with Attorney Don Stecker of the Law Firm of Linebarger, Goggan, Blair and Sampson about the motion filed by Attorney Bradley Balderamas in Case No. 2015-CI-04779 in the 150th District Court on April 15, 2015, and which it scheduled for hearing on April 30, 2015. The reply on April 17, 2015 to my expression of interest in dropping the setting for the motion to disqualify scheduled for April 30, 2015 does not indicate that the matter has been resolved.

Rowland J. Martin

8

# A

| | | |
|---|---|---|
| ADMINISTRATOR FOR THE ESTATE OF KING, | § § § | IN THE DISTRICT COURT |
| Petitioner | § | |
| VS. | § § | |
| | § | 150th JUDICIAL DISTRICT |
| BEXAR COUNTY, CITY OF SAN ANTONIO AND SAN ANTONIO INDEPENDENT SCHOOL DISTRICT | § § § | |
| Respondents | § | BEXAR COUNTY, TEXAS |

## AMENDED CERTIFICATE OF CONFERENCE PERTAINING TO BEXAR COUNTY'S MOTION TO DISQUALIFY ROWLAND J. MARTIN, JR., TO APPEAR PRO SE FOR THE ESTATE OF JOHNNIE MAE KING

The undersigned attorney of record for Bexar County certifies that on April 15, 2015, he conferred with Rowland J. Martin, Jr., regarding the substance of this Motion. After said conference, the parties were not able to agree to a resolution of the matter. Therefore, this Motion is submitted to the Court for resolution. The undersigned attorney advised Mr. Martin that the Motion has been set for hearing on April 30, 2015 at 8:30 a.m., in the Presiding District Courtroom, Bexar County Courthouse, San Antonio, Texas.

Respectfully submitted,

LINEBARGER, GOGGAN, BLAIR & SAMPSON, L.P.
711 Navarro Street, Suite 300
San Antonio, Texas 78205
(210) 225-4422 – Telephone
(210) 225-6410 – Facsimile

By: _____
Lilia Gibson (SBN: 24006250)
Lilia.Gibson@LGBS.com
Brad Balderrama (SBN: 24040464)
Brad.Balerrama@LGBS.com
Don Stecker (SBN: 19095300)
Don.Stecker@LGBS.com

**ATTORNEYS FOR RESPONDENT, BEXAR COUNTY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Certificate of Conference Pertain to Bexar County's Motion to Disqualify Rowland J. Martin, Jr., to Appear Pro Se for the Estate of Johnnie Mae King has been delivered pursuant to Texas Rule of Civil Procedure 21a to the following:

Rowland J. Martin
951 Lombrano
San Antonio, Texas 78207
**PETITIONER**

Savita Rai
Samuel Adams
Office of the City Attorney
City of San Antonio
401 S. Frio
San Antonio, Texas 78207
**RESPONDENT, CITY OF SAN ANTONIO**

on this the _16th_ day of April, 2015.

Lilia Gibson
Brad Balderrama
Don Stecker

**From:** Rowland Martin <moroco676@aol.com>

**To:** don.stecker <don.stecker@lgbs.com>

**Subject:** Re: Probate Case No. 2001-PC-1263 and Civil Case No. 2015-CI-04779

**Date:** Fri, Apr 17, 2015 8:20 pm

**Attachments:** Probate Court Advisory.pdf (396K), Probate Court Amended Petition.pdf (879K), District Court Nonsuit Notice.pdf (950K)

Mr. Stecker,

Thank you for honoring my personal request not to be served by email. I rely on email here to inform you at the earliest possible opportunity of the steps I took today to resolve the issue about a supposed pro se appearance for the estate that prompted the tax authorities to file a motion to disqualify.

Though I have not received service of the motion, I investigated the law you described as the basis for it. I conclude that your interpretation corresponds to the so-called Minnesota rule. Your interpretation of the rule is essentially correct but only in relation to Texas counties that follow the Minnesota rule.

Bexar County is not one of those counties. A Baylor Law Review commentary by Attorney Michael Hatfield. Hatfield's commentary states that that Bexar County Probate Court #1 follows the exception to the Minnesota rule by permitting non-attorney pro se litigants to act as an estate administrator if the person is the only heir of the estate in question. The latter reflects the policy that the Bexar County Probate Court #1 followed on March 31, 2015, at a point when the tax authorities were on actual notice of pleadings in Case No. 2015-CI-04779. To avoid any appearance of impropriety, I corrected past filings that mistakenly referred to the Estate of King as a plaintiff party, and I submitted documentation to establish that I hold a fee simple heirship interest in the real property of the estate by virtue of a settlement agreement in 2008. I also address the fact issue about the tax authorities apparent suits on rejected claims.

The problem, as I see it now, is that the tax authorities' motion asks the District Court to apply the Minnesota rule after the Probate Court expressly ruled in favor of the exception. The effect of the motion, therefore, is to deprive me of a privilege that the Probate Court routinely extends to similarly situated pro se litigants in derogation of a ruling the Probate Court has already made. Because my appearances in the individual capacities of "Administrator" and as "Heir" both comply with the interpretation of Tex. Civ. R. P. 7 that the Probate Court applied on March 31, 2015, and because it is not my intention to rely on a representative capacity in any court, I filed a nonsuit on the part of the controversy in Case No. 2015-CI-04799 that corresponds to the fact issue about pro se appearances for the estate raised in the tax authorities' motion.

Attached are courtesy copies of the "District Court Nonsuit Notice," a "Probate Court Advisory" notifying Bexar County Probate Court #1 of the steps I've taken to avoid any appearance of impropriety, and an Amended Petition For Bill of Review in Case No. 2001-PC-1263 curing an earlier pleading error. A formal citation has been prepared for formal service with the amended bill of review petition with the correct designation of the parties.

In the meantime, thank you for bringing this pleading error to my attention. For the reasons explained in the attached filings, I rely on the nonsuit filing and the amended pleadings as a complete resolution of the part of Case No. 2015-CI-4779 that relates to the disqualification controversy the tax authorities raised, and that the Probate Court is now the trial court of competent jurisdiction to resolve any residual issues concerning its ruling on March 31, 2015. I trust that you agree that this clearly is not an issue we should waste a lot of time on.

Best Regards,

Rowland Martin

**From:** Don Stecker <don.stecker@lgbs.com>
**To:** Rowland Martin <moroco676@aol.com>
**Subject:** Automatic reply: Probate Case No. 2001-PC-1263 and Civil Case No. 2015-CI-04779
**Date:** Fri, Apr 17, 2015 8:21 pm

I am currently out of the office and will return on Monday, April 20, 2015. Should you need immediate assistance you may contact Janel Quintanilla at ext. 5346 or via email at Janel.Quintanilla@lgbs.com or Sara Garza at ext. 5216 or via email to sara.garza@lgbs.com

**Don Stecker**
Partner
**Linebarger Goggan Blair & Sampson, LLP**
**Attorneys at Law**
don.stecker@lgbs.com
Main: (210) 225-6763
Fax: (210) 225-6410
http://www.lgbs.com/

**CONFIDENTIALITY STATEMENT**

This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.

# B

# CASE:       04-14-00483-CV

| | |
|---|---|
| DATE FILED: | 07/08/2014 |
| CASE TYPE: | INTERLOCUTORY |
| STYLE: | ROWLAND MARTIN, JR. |
| V.: | EDWARD L. BRAVENEC AND 1216 WEST AVE., INC. |
| ORIG PROC: | NO |
| TRANSFER FROM: | |
| TRANSFER IN: | |
| TRANSFER CASE: | |
| TRANSFER TO: | |
| TRANSFER OUT: | |
| PUB SERVICE: | WEST PUBLISHING |

## APPELLATE BRIEFS

| DATE | EVENT TYPE | DESCRIPTION | DOCUMENT |
|---|---|---|---|
| 04/08/2015 | REPLY BRIEF FILED | APPELLANT | AMENDED REPLY BRIEF  [ PDF/1.75 MB ]<br>NOTICE  [ PDF/69 KB ] |
| 03/23/2015 | BRIEF FILED - ORAL ARGUMENT NOT REQUESTED | APPELLANT | REPLY BRIEF  [ PDF/1.86 MB ] |
| 03/02/2015 | BRIEF FILED - ORAL ARGUMENT NOT REQUESTED | APPELLEE | REPLY BRIEF  [ PDF/1.84 MB ]<br>NOTICE  [ PDF/69 KB ] |
| 01/30/2015 | APPENDIX FILED | APPELLANT | SUPPLEMENTAL APPENDIX  [ PDF/14.27 MB ]<br>NOTICE  [ PDF/79 KB ] |
| 01/12/2015 | AMENDED BRIEF FILED | APPELLANT | AMENDED BRIEF  [ PDF/51.77 MB ]<br>NOTICE  [ PDF/69 KB ] |
| 01/05/2015 | BRIEF FILED - ORAL ARGUMENT REQUESTED | APPELLANT | ANT APPENDIX  [ PDF/8.21 MB ]<br>ANT BRIEF  [ PDF/2.60 MB ]<br>NOTICE  [ PDF/69 KB ] |

## CASE EVENTS

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|---|---|---|---|---|
| 04/16/2015 | MOTION DISPOSED | APPELLANT | | |
| 04/16/2015 | SET FOR SUBMISSION ON BRIEFS | | | |



# Fourth Court of Appeals
## San Antonio, Texas

April 6, 2015

No. 04-14-00483-CV

Rowland **MARTIN**, Jr.,
Appellant

v.

Edward L. **BRAVENEC** and 1216 West Ave., Inc.,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-07644
Honorable Dick Alcala, Judge Presiding

## ORDER

The Appellant's Motion for Extension of Time to File Amended Reply Brief is GRANTED. Tim is extended to April 8, 2015.

_____
Jason Pulliam, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of April, 2015.

_____
Keith E. Hottle
Clerk of Court

Case No. 04-14-00483-CV

ROWLAND J. MARTIN )    TEXAS COURT OF APPEALS
    Appellant )
     )
     )
v. )    FOR THE FOURTH DISTRICT
     )
EDWARD BRAVENEC AND 1216 )
WEST AVE. INC. )
    Appellees )    BEXAR COUNTY, TEXAS

## ADVISORY TO THE COURT

Notice is hereby given that a corrected briefing document was filed with the Clerk on April 6, 2015, as proposed in Appellant's Motion For Extension of Time filed on April 2, 2015, and as ordered by the Court on March 26, 2015. The inadvertent omission to style the submission on April 6, 2015 as an "Amended Reply Brief" is corrected by the filing, on April 7, 2015, of a briefing document with the proper title. The amended submission was also enlarged to include minor editorial changes and to add an Exhibit D consisting of an item from the Clerk's Supplemental Record filed on or about February 19, 2015.

Dated: April 7, 2015

                                            Respectfully Submitted,

                                            Rowland J. Martin
                                            951 Lombrano
                                            San Antonio, Tx 78207
                                            (210) 323-3849

Case No. 04-14-00483-CV

FILED
IN THE COURT OF APPEAL
AT SAN ANTONIO, TEXAS

2015 APR -7 PM 4:09

Keith E. Hottle

KEITH E. HOTTLE, CLERK

IN THE COURT OF APPEAL
FOURTH SUPREME JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

ROWLAND J. MARTIN. APPELLANT
INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITY AS
ADMINISTRATOR FOR THE ESTATE OF KING

v.

EDWARD BRAVENEC AND 1216 WEST AVE., INC., APPELLEES

APPELLANT'S AMENDED REPLY BRIEF

On Interlocutory Appeal
From Orders Of The 285th Judicial District Court
Bexar County, Texas

Submitted By:

Rowland J. Martin
951 Lombrano
San Antonio, Texas 78207
(210) 323-3849

# RECEIPT

DATE 4/23/15     No. 515982

RECEIVED FROM Rowland Martin     $ 13.00

thirteen dollars _____ DOLLARS

○ FOR RENT
○ FOR ____ copies of amended reply brief ____

| ACCOUNT | 13 | ○ CASH | FROM 4-23 | TO |
|---------|----|--------|-----------|-----|
| PAYMENT | 13 | ○ CHECK | | |
| | | ○ MONEY ORDER | | |
| BAL. DUE | 0 | ○ CREDIT CARD | BY | |

# C

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

SAN ANTONIO TX 78204-1287

| | | |
|---|---|---|
| Postage | $ | $.75 |
| Certified Fee | | $3.30 |
| Return Receipt Fee (Endorsement Required) | | $2.70 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $11.75 |

Postmark Here — 0205 07 APR 23 2015 — 04/23/2015

OFFICIAL USE

Sent To  Attorney Glenn Deadman
Street, Apt. No.; or PO Box No.  509 S. Main St.
City, State, ZIP+4  San Antonio, TX 78205

PS Form 3800, August 2006          See Reverse for Instructions

7014 0510 0000 3024 9235