# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00590-CV

---

### NO. 03-20-00048-CV

---

**Misty Trust and Jerry Hofrock, Appellants**

**v.**

**John Jellison, Appellee**

---

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. 19-0-093, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellants, Misty Trust (by its pro se trustee, Dessie Maria Andrews) and Jerry Hofrock (pro se), filed a notice of appeal that was docketed as cause number 03-19-00590-CV. Andrews filed a statement of the Trust's inability to pay court costs, and both Hofrock and Andrews filed separate personal statements of inability to pay court costs. After this Court received notice from the trial-court clerk that "the [trial] court has questioned if a TRUST can be indigent and unable to pay," we abated the appeal and remanded the case to the trial court to determine, if necessary, appellants' ability to afford payment of court costs under Rule 145 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 145 (establishing procedure for challenging statements of inability to pay).

The trial court conducted a hearing on the issue of appellants' indigency, at which Hofrock appeared pro se and appellee John Jellison appeared by his attorney, but no one appeared on behalf of Misty Trust. After the hearing, the trial court found that the only judgment or appealable order that had been taken was against Misty Trust and that no order had been issued against Hofrock in his individual capacity.[1] Accordingly, the trial court found that the personal indigency status of Hofrock and Andrews was irrelevant. The trial court further found that Misty Trust, as an entity, cannot be indigent, or alternatively, that the declaration filed on its behalf was insufficient to demonstrate its indigency.

Andrews has filed a motion challenging the trial court's finding that Misty Trust is not indigent. *See* Tex. R. Civ. P. 145(g)(1) (providing that "declarant may challenge the order by motion filed in the court of appeals with jurisdiction over an appeal from the judgment in the case"). We docketed the indigency appeal as cause number 03-20-00048-CV. Because it is related to the underlying appeal in cause number 03-19-00590-CV, it is also styled *Misty Trust and Jerry Hofrock v. John Jellison*; however, Hofrock did not challenge the trial court's finding that his personal indigency status was irrelevant.

After an initial review of the filings in these two cases, we informed Hofrock that it appeared that the Court lacks jurisdiction over his appeal in cause number 03-19-00590-CV, based on the trial court's finding that no order had been issued against him in his individual capacity. We requested that he respond and explain how this Court may exercise jurisdiction over his appeal, and Hofrock asserted that this Court has jurisdiction over the case "as I was sued and I will answer." He did not address the trial court's finding that no order was issued against

---

[1] From the limited record and filings before us, it appears that Hofrock was the trustee of Misty Trust before Andrews became trustee.

him in his individual capacity. This Court's jurisdiction is limited to appeals from a final or appealable judgment or order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 195 (Tex. 2001) (explaining that generally appeal may only be taken from final judgment that disposes of all pending parties and claims). In this case, the trial court found that no appealable order was issued against Hofrock in his individual capacity; thus, no order exists from which Hofrock may appeal in his own right.[2] Accordingly, we dismiss the appeal in cause number 03-19-00590-CV as to Hofrock for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

We separately informed Andrews and Hofrock that a trustee may not appear pro se in her representative capacity as a trustee, and therefore, an attorney representing the trust must file an amended notice of appeal to avoid dismissal of Misty Trust's appeal in cause number 03-19-00590-CV. To date, no attorney has appeared on behalf of Misty Trust. Instead, Andrews, acting pro se, filed a response titled "Judicial Notice of Standing to Appeal." Andrews asserts that she should be allowed to sue on behalf of Misty Trust because she accepted the "Misty Trust Trustee Appointment" on March 11, 2019, and the contract she signed as Trustee of Misty Trust gives her as Trustee the authority to hold legal title to all Trust Property and the power "to do all things and perform all acts which in [her] judgment are necessary and property [sic] for the protection of the Trust Property and for the interest of the beneficiaries in the property of the trust." She further asserts that "[t]he Trust indenture C (8) notes that the Trustee has the power to represent the Trust and the Beneficiaries in all suits and legal proceedings relating to the Trust Property in any court of law or equity, or before any other bodies or tribunals, to begin suits and to prosecute them to final judgment or decree, to compromise claims

---

[2] No clerk's record has been filed in cause number 03-19-00590-CV. Accordingly, we must rely on the trial court's determinations as to its order and cannot verify whether the order as to Misty Trust was a final and appealable order that disposed of all parties and claims.

3

or suits and to submit the same to arbitration when, in his judgment, such course is necessary or proper" and that she was following "the dictates of the contract" by pursuing this appeal on behalf of Misty Trust.[3] Andrews contends that by determining that a licensed attorney must represent Misty Trust in its appeal, the Court violates Article 1, Section 10, Clause 1 of the United States Constitution, which provides that "[n]o state shall pass any Law impairing the Obligation of Contracts." However, "[t]he long-standing law in Texas is courts 'will not enforce or aid in the enforcement of a contract made for the illegal practice of law.'" *Johnson v. McLeaish*, No. 05-94-01673-CV, 1995 WL 500308, at *6 (Tex. App.—Dallas Aug. 23, 1995, writ denied) (not designated for publication) (quoting *Montgomery v. Utilities Ins. Co.*, 117 S.W.2d 486, 491 (Tex. App.—Beaumont 1938), *rev'd on other grounds*, 138 S.W.2d 1062 (Tex. 1940)). A trustee is empowered to hire and consult with an attorney and to act on the attorney's advice in administering the trust, which may include the pursuit of litigation on behalf of the trust. *See Huie v. DeShazo*, 922 S.W.2d 920, 925 (Tex. 1996). However, a trustee may not appear pro se in her representative capacity as a trustee. *See Lorie Bernice Sharpe Trust v. Phung*, No. 03-20-00400-CV, ___ S.W.3d ___ (Tex. App.—Austin April 23, 2021, no pet. h.); *In re Guetersloh*, 326 S.W.3d 737, 739-40 (Tex. App.—Amarillo 2010, orig. proceeding); *see also, e.g.*, *Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, no pet.) (holding that independent executor may not appear pro se in representative capacity for estate).

Andrews further argues that our order that Misty Trust be represented by an attorney violates Texas Rule of Civil Procedure 7 because we cannot order a party to be represented by an attorney. Rule 7 allows a person to represent herself pro se only to litigate

---

[3] The limited record before the Court does not contain the contract to which Andrews refers.

4

rights on her own behalf, not to litigate rights in a representative capacity. Tex. R. Civ. P. 7; *see Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (concluding pro se appellant could not represent corporate defendants as assignee of corporations); *see also Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.,* 937 S.W.2d 455, 456 (Tex. 1996) (holding nonlawyer corporate officer could perform "specific ministerial task of depositing cash with a clerk in lieu of a cost bond" but could not represent corporation in court).

Finally, Andrews argues that she should be able to appear pro se on behalf of Misty Trust because she is a 20% beneficiary and should be able to protect her own interest in the trust property. Her status as both a beneficiary and trustee does not change our analysis because it does not change the nature of "the *fiduciary relationship* governing the trustee with respect to the trust property." *See Huie*, 922 S.W.2d at 926. "Because of the nature of trusts, the actions of the trustee affect the trust estate and therefore affect the interests of the beneficiaries. It follows that because a trustee acts in a representative capacity on behalf of the trust's beneficiaries, he is not afforded the personal right of self-representation."[4] *In re Guetersloh*, 326 S.W.3d at 740 (holding that nonattorney trustee who was also trust beneficiary could not act pro se to represent trust in court).

---

[4] Andrews also seeks to substitute the term "Beneficiary for Trustee" in place of "Trustee" on her prior filings in this Court and "to preserve all briefs and motions she has entered into the district court in her current status, not as trustee, but as the owner of a beneficial interest in Misty Trust." However, Misty Trust was the defendant in the underlying suit, not Andrews as a beneficiary in her individual capacity. Because Andrews was not a party in the trial court in her individual capacity as a beneficiary, she thus lacks standing to now appear on appeal in that capacity. *See Andrews v. 4300 Burch, LLC*, No. 03-20-00580-CV, 2021 WL 955275, at *1 (Tex. App.—Austin Mar. 12, 2021, no pet. h.) (mem. op.) ("Because Andrews was not a party of record in the trial court, she does not have standing to pursue this appeal.").

According to Texas law, only a licensed attorney is allowed to represent other parties. *See* Tex. Gov't Code §§ 81.101-.102, 83.001-.006; *see also 1 Fox 2 Prods., LLC v. Mercedes-Benz USA, LLC*, No. 03-20-00101-CV, 2021 WL 81865, at *4 (Tex. App.—Austin Jan. 7, 2021, no pet. h.) (dismissing corporate appellant's issues raised in brief because LLC's owner could not represent entity pro se); *Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, order) (per curiam). Consequently, if a nonattorney represents a trust in an appeal, this amounts to the unauthorized practice of law. *See In re Guetersloh*, 326 S.W.3d at 740 (concluding nonattorney's appearance in trial court on behalf of trust amounted to unauthorized practice of law). Because Andrews as a nonattorney trustee and beneficiary cannot represent Misty Trust, and no attorney has filed an amended notice of appeal on behalf of the Trust as required by law and as ordered by this Court, we dismiss Misty Trust's appeal in cause number 03-19-00590-CV for want of prosecution. *See* Tex. R. App. P. 42.3(b), (c).

To summarize, we dismiss Hofrock's appeal in cause number 03-19-00590-CV for want of jurisdiction, and we dismiss Misty Trust's appeal in cause number 03-19-00590-CV for want of prosecution. We dismiss as moot the appeal from the trial court's indigency order docketed as cause number 03-20-00048-CV.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Baker and Triana

Dismissed (03-19-00590-CV)

Dismissed as Moot (03-20-00048-CV)

Filed: April 30, 2021

6