# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00721-CV

---

**William Berry Waters III, Appellant**

**v.**

**Oaks at Round Rock, LLC, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 5 OF WILLIAMSON COUNTY
### NO. 24-1337-CC5, THE HONORABLE WILL WARD, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

This case is before the Court on its own motion.

On October 31, 2024, Neneki S. Kidd, a non-lawyer, filed a notice of appeal on behalf of pro se appellant William Berry Waters III. According to Texas law, only a licensed attorney is allowed to represent other parties. *See* Tex. Gov't Code §§ 81.101–.102 (prohibiting practice of law in Texas unless person is member of state bar); *id.* §§ 83.001–.006 (prohibiting unlicensed persons from practicing law without a license); *see also Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, order) (per curiam) (striking documents filed by layperson having no authority to file them on behalf of another). The Texas Legislature has defined the practice of law to include, among other things, "the preparation of a pleading or other document incident to an action." Tex. Gov't Code § 81.101(a). Consequently, if a non-lawyer files documents on behalf of another individual in an appeal, this amounts to the unauthorized

practice of law. *See In re Guetersloh*, 326 S.W.3d 737, 740 (Tex. App.—Amarillo 2010, orig. proceeding) (per curiam) (concluding non-lawyer's appearance in trial court on behalf of trust amounted to unauthorized practice of law). Therefore, "a notice of appeal filed by a non-attorney in a representative capacity is ineffective." *In re A.H.*, No. 02-21-00402-CV, 2022 WL 1682422, at *3 n.6 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.); *Salmeron v. Atascocita Forest Cmty. Ass'n*, No. 01-20-00616-CV, 2021 WL 3159675, at *1 (Tex. App.—Houston [1st Dist.] July 27, 2021, no pet.) (mem. op.); *see Trust v. Jellison*, No. 03-19-00590-CV, No. 03-20-00048-CV, 2021 WL 1725949, at *3 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.).

On December 10, 2024, the Clerk of this Court sent Waters a letter, noting that he "did not sign the notice of appeal, which was filed pro se." *See* Tex. R. App. P. 9.1(b) ("A party not represented by counsel must sign any document that the party files . . . ."). We asked that Waters file an amended notice of appeal on or before December 23, 2024. On March 24, 2026, the Clerk of this Court communicated with the trial court clerk and confirmed that no amended notice of appeal had been filed with the trial court. On March 25, 2026, we again notified Waters that "he must file an amended notice of appeal" bearing his signature, and we cautioned that the "[f]ailure to do so may result in the dismissal of this appeal." In response to our letter, Neneki S. Kidd filed a "DUE PROCESS ARGUMENT," asking that we reverse the trial court's judgment but not addressing the substance of the Clerk's letter. To date, Waters has not filed an amended notice of appeal.

Because Waters has failed to amend his notice of appeal in response to the Clerk's notices, we dismiss this appeal pursuant to Rule 42.3(c). *See id.* R. 42.3(c) (appellate court may dismiss appeal if appellant does not comply with rules, a court order, or notice from clerk).

2

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Prosecution

Filed:   April 10, 2026