# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00360-CV

**Anthony Hutson, Appellant**

**v.**

**Bertha L. Nelson-Moss; George Nelson, Jr.; Yolanda Nelson; Tony Nelson; Corey Nelson; Sharon V. Allen; Latanya D. McKelvey; Pier A. Mouton; William F. Clemmons; Shanta L. Nelson; Leigh A. Nelson; Timothy N. Dibbles; and Tamela Courtney Dibbles, Appellees**

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV42908, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Anthony Hutson, by his pro se representative, O'Neal Williams, filed a notice of appeal from the trial court's "Order Determining Interests, Finding Heirs Property, and Ordering Partition by Sale Pursuant to Chapter 23A of the Texas Property Code." After an initial review of the record, we informed O'Neal Williams that an individual acting on behalf of another individual may not appear pro se in a representative capacity, and therefore, an attorney representing Hutson or Hutson, representing himself, must file an amended notice of appeal to avoid dismissal of the appeal.

In response to our request, Olivia Hutson filed an amended notice of appeal. Olivia Hutson is not a party to the underlying case and is not an attorney.

Rule 7 of the Texas Rules of Civil Procedure allows a person to represent himself or herself pro se only to litigate rights on his or her own behalf, not to litigate rights in a representative capacity. Tex. R. Civ. P. 7; *see, e.g.*, *Kaminetzky v. Newman*, No. 01-10-01113-CV, 2011 WL 6938536, at *2 (Tex. App.—Houston [1st Dist.] Dec. 29, 2011, no pet.) (concluding appellant could not represent pro se two corporate defendants as assignee of corporations); *In re Guetersloh*, 326 S.W.3d 737, 739-40 (Tex. App.—Amarillo 2010, orig. proceeding) (per curiam) (holding that trustee may not appear pro se in representative capacity as trustee of trust); *Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, no pet.) (holding that independent executor may not appear pro se in representative capacity for estate); *see also Kunstoplast of Am., Inc. v. Formosa Plastics Corp., U.S.A.,* 937 S.W.2d 455, 456 (Tex. 1996) (although corporate officer could perform "specific ministerial task of depositing cash with a clerk in lieu of a cost bond," nonlawyer may not represent corporation in court).

According to Texas law, only a licensed attorney is allowed to represent other parties. *See* Tex. Gov't Code §§ 81.101-.102 (prohibiting practice of law in Texas unless person is member of state bar); *id.* §§ 83.001-.006 (prohibiting unlicensed persons from practicing law without a license); *see also Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, order) (per curiam) (striking documents filed by layperson having no authority to file them on behalf of another). The Texas Legislature has defined the practice of law to include, among other things, "the preparation of a pleading or other document incident to an action." Tex. Gov't Code § 81.101(a). Consequently, if a nonattorney files documents on behalf of another individual in an appeal, this amounts to the unauthorized practice of law. *See In re Guetersloh*, 326 S.W.3d at 740 (concluding nonattorney's appearance in trial court on behalf of trust amounted to unauthorized practice of law).

Therefore, because an individual acting on behalf of another individual may not appear pro se in a representative capacity, and no attorney has filed an amended notice of appeal on behalf of Anthony Hutson, we dismiss this appeal. *See* Tex. R. App. P. 42.3(b), (c).

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Ellis

Dismissed for Want of Prosecution

Filed: May 15, 2026