# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-26-00461-CV

---

**Almericas Veterans Mortgage Trust, Appellant**

**v.**

**Brock & Scott, PLLC and Village Capital & Investment, LLC, Appellees**

---

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 26-1248-C368,
### THE HONORABLE SARAH SOELDNER BRUCHMILLER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Almericas Veterans Mortgage Trust, by its pro se trustee Ronnie Dansby, filed a notice of appeal from the trial court's May 4, 2026 order against it.  After an initial review, we informed Dansby that a trustee or other representative of a trust may not appear pro se in a representative capacity, and therefore, an attorney representing the trust must file an amended notice of appeal to avoid dismissal of this appeal.  No attorney has responded on behalf of the Almericas Veterans Mortgage Trust.  Dansby has not filed a response into this cause.[1]

A trustee may not appear pro se in his representative capacity as a trustee.  *Lorie Bernice Sharpe Tr. v. Phung*, 622 S.W.3d 929, 929 (Tex. App.—Austin 2021, no pet.); *see In re Guetersloh*, 326 S.W.3d 737, 739–40 (Tex. App.—Amarillo 2010, orig. proceeding) (holding that

---

[1] Dansby filed a response into a related appeal 03-26-00466-CV, in which he maintained his right to represent the trust pro se.

trustee may not appear pro se in representative capacity as trustee of trust); *see also, e.g., Steele v. McDonald*, 202 S.W.3d 926, 928 (Tex. App.—Waco 2006, no pet.) (holding that independent executor may not appear pro se in representative capacity for estate). Rule 7 of the Texas Rules of Civil Procedure allows a person to represent himself or herself pro se only to litigate rights on his or her own behalf, not to litigate rights in a representative capacity. Tex. R. Civ. P. 7; *see Lorie Bernice Sharpe Tr.*, 622 S.W.3d at 929 (holding that trustee may not appear pro se in representative capacity as trustee of trust).

According to Texas law, only a licensed attorney is allowed to represent other parties. *See* Tex. Gov't Code §§ 81.101–.102 (prohibiting practice of law in Texas unless person is member of state bar); *id.* §§ 83.001–.006 (prohibiting unlicensed persons from practicing law without a license); *see also Jimison v. Mann*, 957 S.W.2d 860, 861 (Tex. App.—Amarillo 1997, order) (per curiam) (striking documents filed by layperson having no authority to file them on behalf of another). The Texas Legislature has defined the practice of law to include, among other things, "the preparation of a pleading or other document incident to an action." Tex. Gov't Code § 81.101(a). Consequently, if a nonattorney files documents on behalf of a trust in an appeal, this amounts to the unauthorized practice of law. *See In re Guetersloh*, 326 S.W.3d at 740 (concluding nonattorney's appearance in trial court on behalf of trust amounted to unauthorized practice of law).

Therefore, because a nonattorney trustee cannot represent a trust, and no attorney has filed an amended notice of appeal on behalf of the Almericas Veterans Mortgage Trust, we dismiss this appeal. *See* Tex. R. App. P. 42.3(b), (c).

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed for Want of Prosecution

Filed:   June 12, 2026