

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-20-00200-CV

_____

IN RE CALEB LOGAN HART, RELATOR

Original Proceeding
Arising From Proceedings Before the 31st District Court
Gray County, Texas
Trial Court No. 9392; Honorable Steven R. Emmert, Presiding

September 29, 2020

MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

Relator, Caleb Logan Hart, proceeding *pro se* and *in forma pauperis*, seeks a writ

of mandamus to compel Respondent, the Honorable Steven R. Emmert, to rule on his

pending post-conviction *Motion to Modify, Correct, or Rescind Trial Court's Withdrawal*

*Notification in Nunc Pro Tunc* in trial court cause number 9392.[1] In the underlying trial

---

[1] Relator filed separate petitions making the same complaints regarding trial court cause numbers 9662, 9663, 9664, 9665, and 9666. Because the circumstances surrounding the underlying offense in this cause (in which he was convicted of burglary of a habitation) differ from the circumstances surrounding the underlying offenses addressed in the other trial court cause numbers (in which he was convicted of sexually-related offenses), we have separately disposed of the complaints arising from those trial court cause numbers via a separate opinion issued in appellate cause numbers 07-20-00201-CV, 07-20-00202-CV, 07-20-00203-CV, 07-20-00204-CV, and 07-20-00205-CV.

court proceeding, Relator was convicted of the offense of burglary of a habitation. His petition in this cause includes a *Certificate of Service* indicating that a copy of his petition was mailed to Judge Emmert on August 14, 2020.[2] Presenting two issues, he contends (1) the evidence does not support the imposition of court-appointed attorney's fees and (2) the court lacked jurisdiction to increase his sentence (in the form of a fine) following his original sentence, a double jeopardy and due process violation. Pursuant to Rule 52.4 of the Texas Rules of Appellate Procedure, a response from Judge Emmert was requested; however, he did not file a response or otherwise rule on the pending motion. For the reasons expressed herein, we conditionally grant Relator's petition for a writ of mandamus.

### BACKGROUND

In 2014, following a plea of "true," Relator was adjudicated guilty of the offense of burglary of a habitation, in trial court cause number 9392, and sentenced to twenty years confinement. Relator was remanded to the custody of the sheriff and no appeal was taken from the *Judgment Adjudicating Guilt.* The summary portion of the judgment reflects a fine of "$0." The *Bill of Cost* generated on November 7, 2014, one day after the date of the judgment, includes legislatively mandated court costs and fees. It also includes a fine of "$0" and $650 for court-appointed attorney's fees. For reasons unknown, four years later, a new *Bill of Cost* was generated by the Gray County District Clerk on January 25, 2019. All costs and fees are identical to the 2014 *Bill of Cost* except that the fine was increased from $0 to $2,000.

---

[2] Pleadings of *pro se* inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010).

2

This is Relator's second effort in this court challenging the imposition of court costs, fines, and fees, including attorney's fees, which he asserts are illegally depleting funds from his inmate account. *See In re Hart*, No. 07-19-00217-CV, 2019 Tex. App. LEXIS 6361, at *1-3 (Tex. App.—Amarillo July 24, 2019, orig. proceeding). In the prior proceeding, this court acknowledged that Relator presented "a well-reasoned petition with meritorious arguments" but denied his request for mandamus relief because none of the documents showed that Judge Emmert had ever been *presented* with his request to modify or vacate some or all of the fees and fine. *Id.* at *8.

Based on our prior opinion, in November 2019, Relator filed a *Motion to Modify, Correct, or Rescind Trial Court's Withdrawal Notification in Nunc Pro Tunc* in the trial court contesting the inclusion in the *Bill of Cost* of $650 in court-appointed attorney's fees, $342 in court costs, and the increase in his fine from $0 to $2,000. After no action was taken on his pending motion, in January 2020, Relator filed a *Motion for Consideration of Motion to Modify, Correct, or Rescind Trial Court's Withdrawal Notification in Nunc Pro Tunc* requesting the trial court to consider the previously filed motion. To date, his motions have not been addressed by the trial court and Relator again seeks mandamus relief.

### MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and that the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, in order to establish a ministerial act, a relator must also show (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

### ANALYSIS

Following this court's analysis in our prior opinion, Relator challenged certain line items in the *Bill of Cost* by two separate motions to modify, correct, or rescind withdrawal orders: one filed in November 2019, and another filed in January 2020. In addition to attorney's fees and court costs, Relator questioned the assessment of a $2,000 fine in the 2019 *Bill of Cost* after the original judgment in 2014 reflected a fine of $0.

When a motion is properly pending before a trial court, the act of considering and ruling on the motion is a ministerial act. *Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992). However, the trial court has a reasonable period of time within which to perform that ministerial duty. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. *Ex parte Bates*, 65 S.W.3d 133, 134-35 (Tex. App.—Amarillo 2001, orig. proceeding). No bright line demarcates the boundaries of a reasonable time period. *Id.* at 135.

4

A reasonable period of time is a matter to be determined based on myriad factors such as the trial court's knowledge of the matter, the state of its docket, and the existence of other judicial and administrative matters. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). The trial court has inherent power to control its own docket. *Ex parte Bates*, 65 S.W.3d at 135.

This court has held that a court is not required to consider a motion of which it is unaware and that the filing of a document with the district clerk does not impute that information to the trial court. *In re Chavez*, 62 S.W.3d at 228. However, when a trial court becomes aware of a filing and a reasonable period of time has passed, the act of ruling on the matter is a ministerial act and mandamus is appropriate if the trial court has not or will not perform its duty. *In re Llamas*, No. 07-19-00288-CV, 2019 Tex. App. LEXIS 10158, at *4 (Tex. App.—Amarillo Nov. 22, 2019, orig. proceeding).

For incarcerated litigants, it is a hopeless endeavor to physically present a matter to the trial court for consideration. However, there are cases in which the trial court acquires knowledge of a pending matter sufficient to satisfy the presentment requirement for mandamus relief. *See id.* at *5 (granting mandamus relief for the trial court to issue a formal, appealable order after it had ruled on a pending motion only by letter); *In re Webb*, No. 07-15-00050-CV, 2015 Tex. App. LEXIS 7532, at *2 (Tex. App.—Amarillo July 21, 2015, orig. proceeding) (granting mandamus relief and noting that the respondent was aware of pending motions because he had corresponded with the relator regarding a hearing on the motions); *In re Guetersloh*, 326 S.W.3d 737, 739 (Tex. App.—Amarillo 2010, orig. proceeding) (granting mandamus relief where the trial court was aware of a pending motion because it notified the relators it would take no action without their obtaining legal representation).

Regarding Relator's complaints, Judge Emmert was directly provided with a letter and a copy of this court's July 24, 2019 opinion discussing Relator's issues with respect to certain line items in the January 25, 2019 *Bill of Cost* that was generated more than four years after the revocation proceeding. It would be disingenuous of us to deny mandamus relief on a legitimate complaint for failure to "present" the matter to the trial court when we have already "presented" the matter to the trial court via our prior opinion and a reasonable period of time to rule has lapsed. Accordingly, we find that sending our opinion to Judge Emmert was sufficient to bring Relator's complaints to his attention and the fact that he has had more almost a year to rule on that motion is sufficient to establish that he has had a reasonable period of time to rule on that motion.[3]

Therefore, Judge Emmert is directed to enter a formal order on Relator's pending motions. In his consideration of Relator's motions, we remind both Relator and Judge Emmert of the following case law:

- Fines are punitive and they are intended to be part of a convicted defendant's sentence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Thus, a fine must be contained in the trial court's pronouncement of sentence in order to be included in a judgment. *Weir v. State*, 278 S.W.3d 364, 366 (Tex. Crim. App. 2009). A properly assessed fine is collectible by means of an order to withdraw funds regardless of a defendant's ability to pay. *Williams v. State*, 332 S.W.3d 694, 699 (Tex. App.—Amarillo 2011, pet. denied).

- If a trial court determines that a defendant has financial resources that enable him to repay, in whole or in part, the costs of legal services provided by a court-appointed attorney, the court has authority to order a convicted defendant to pay "as court costs the amount that it finds the defendant is able to pay." *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2020). A trial court errs if it orders reimbursement of court-appointed attorney's fees without record evidence demonstrating a defendant's

---

[3] Given the current circumstances of the Covid-19 pandemic which has resulted in a decline in court proceedings, we find that a reasonable period of time has passed since Relator filed his first motion complaining of the *Bill of Cost*. Time is of the essence where the motions filed challenge monthly deductions from Relator's inmate account.

financial resources to offset the costs of legal services.  *Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010).

- A certified bill of cost imposes an obligation upon a criminal defendant to pay court costs, regardless of whether that bill is incorporated by reference into the written judgment.  *See generally* TEX. CODE CRIM. PROC. ANN. arts. 103.001 (West 2018), 103.003 (West Supp. 2020).  *See also* TEX. GOV'T CODE ANN. §§ 102.001-103.033 (West 2019 & Supp. 2020).  Legislatively mandated court costs are properly collectible by means of a withdrawal order regardless of ability to pay.  *Williams*, 332 S.W.3d at 700.

That being said, this court's edict should not be construed as directing how Judge Emmert should rule on the pending motions.  *In re Llamas*, 2019 Tex. App. LEXIS 10158, at *5.  A trial court's disposition of an inmate's challenge to a withdrawal order creates an appealable order from which the propriety of that order may be tested on appeal.[4]  *See In re Corker*, Nos. 07-11-0454-CV, 07-110455-CV, 2011 Tex. App. LEXIS 9208, at *5 n.5 (Tex. App.—Amarillo Nov. 18, 2011, orig. proceeding).

### CONCLUSION

Relator's petition for writ of mandamus is conditionally granted only to the extent he seeks a ruling on his pending motions.  We express no opinion on the merits of any relief sought by Relator by those motions.  Furthermore, we will direct the clerk of this court to issue a writ of mandamus only in the event Judge Emmert fails to comply with this court's directive within thirty days of this opinion.

Per Curiam

---

[4] An appeal from a trial court's order on a motion to modify, correct, or rescind an order to withdraw funds must be perfected in accordance with the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 26.1.